United States Trust Company of New York, Executor of Estate
of Catherine Wolfe Loney, Deceased

*v.*

State of Illinois.

*Opinion filed January 30, 1919.*

Inheritance Tax—*Lora J. Moore, et al.* v. *State, supra, followed.* This case is controlled by the decision of the Court in the case of *Lora J. Moore, et al.* v. *State, supra.*

Edward J. Brundage, Attorney General, for State.

The facts in this case as disclosed by the evidence are as follows:

Catherine Wolfe Loney died testate on the 7th day of May, 1915, a resident of the state of New York, and letters testamentory were issued to United States Trust Company of New York, no administration was had in Illinois.

On the 25th day of April, 1916, the County Judge of Cook County, Illinois, entered an order purporting to assess an inheritance tax in said estate of $762.65, which amount, together with interest, was on the 25th day of April, 1916, paid by claimant to county treasurer of said county.

Thereafter on the 5th day of September, 1918, the Acting County Judge of said Cook County entered an order vacating and setting aside for want of jurisdiction, so much of said prior order as purported to assess a tax upon the transfer by said decedent of shares of stock of foreign corporations to non resident beneficiaries.

And it was found that the said prior order assessed a valid tax, to the extent of $603.07, which amount the State admits is the true amount that should have been taxed and paid.

The State admits in this case that if a refund be granted in No. 33, *Moore, executrix* v. *State of Illinois* (opinion filed at present term of this court) that claimant in this case is entitled to a refund of $205.34, the amount erroneously paid.

This consent of the Attorney General is based upon a stipulation filed in said case that the facts and law governing in the Moore case is to govern in this (and others) case except as to amount.

Upon the evidence and stipulation the Court awards claimant herein a refund of two hundred and five and 34/100 dollars.